## MATTER OF GARCIA

### In Visa Petition Proceedings

### A-21304828

*Decided by Board November 16, 1978*

(1) Under the provisions of the Texas Family Code, section 1.91, a common-law marriage may be shown by establishing three factors: (1) an agreement by the parties to be married, (2) living together in Texas after the agreement is made, and (3) representation to others by the parties that they are married.

(2) Under the Texas Family Code, Section 1.91(b), the agreement of the parties to be married may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married.

(3) In a Texas common-law marriage, agreement is fundamental and cohabitation is an element, but holding out to the public that two persons are husband and wife is essential. *McChesney* v. *Johnson*, 79 S.W. 2d 658 (Civ. App. 1935).

(4) Where Immigration and Naturalization Service offered as proof of a prior undissolved common-law marriage, only the birth certificates of petitioner's five children listing the purported common-law husband as the father, and the petitionr as the one providing the information, the proof of holding out and cohabitation was inadequate, and the petition will be approved.

(5) Under Texas law, reputation and cohabitation are at best only presumptive proofs of common-law marriage and where either of those grounds fails, it is not correct to build the presumption of marriage on the other. *McArthur* v. *Hall*, 169 S.W. 2d 724 (Civ. App. 1943).

ON BEHALF OF PETITIONER:  
Robert A. Shivers, Esquire  
519 South Presa  
San Antonio, Texas 78205

ON BEHALF OF SERVICE:  
George Indelicato  
Appellate Trial Attorney

BY: Milhollan, Chairman, Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her husband under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). In a decision dated April 13, 1978, the District Director denied the petition on the ground that the petitioner had entered into a previous, undissolved marriage and that she was not free to marry the beneficiary. The petitioner has appealed. The appeal will be sustained.

The petitioner is a 37-year-old native and citizen of the United States.

The beneficiary is a 27-year-old native and citizen of Mexico. The parties were married on April 19, 1974, at San Antonio, Texas.

The District Director found that the petitioner had entered into a common-law marriage previous to her present marriage. He also found that this common-law marriage had not been terminated. On appeal, the petitioner disputes these findings, and asserts that the District Director has not presented proof sufficient to establish a common-law marriage under Texas law.

Under the provisions of the Texas Family Code, Section 1.91, a common-law marriage may be shown by establishing three factors: (1) an agreement by the parties to be married, (2) living together in Texas after the agreement is made, and (3) representation to others by the parties that they are married. Under section 1.91(b), the agreement of the parties to be married may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married. The District Director found that these conditions had been met by virtue of the fact that the birth certificates of the petitioner's five children list the purported common-law husband as the father, and that the certificates list the petitioner as the one providing the information. These certificates are said to substantiate the finding that the petitioner was married to the purported husband from 1964 until 1971.

A Texas court has held that in common-law marriage, agreement is fundamental and cohabitation is an element, but holding out to the public that two persons are husband and wife is the acid test. *McChesney* v. *Johnson*, 79 S.W. 2d 658 (Civ. App. 1935). The only proof of holding out offered by the Service is the birth certificates. They list a father, but do not list a "husband." It is probably safe to say that many such certificates are prepared where no common-law marriage exists. As proof of holding out, these certificates are inadequate.

This conclusion is further necessitated by the holding in another Texas case. There it was held that reputation and cohabitation are at best only presumptive proofs of common-law marriage and where either of those grounds fails, it is not correct to build the presumption of marriage on the other. *McArthur* v. *Hall*, 169 S.W. 2d 724 (Civ. App. 1943). In this case, not only does the proof of holding out fail, but there is also no proof of cohabitation. We accordingly find that a common-law marriage under Texas law has not been established. The appeal will be sustained.

ORDER: The appeal is sustained and the visa petition is approved.